UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON EARL JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>Respondent. | ) | 1:08-CV-1908 LJO GSA HC<br><br>ORDER DISMISSING ACTION |

Petitioner is a state prisoner proceeding pro se. On December 8, 2008, he filed a petition for writ of mandamus wherein he requests that the United States Marshals secure his release from Kern County State Prison where he is currently serving a criminal sentence. The court has reviewed this petition and construes it as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

I. Petitioner's Claims

Petitioner's petition is unclear and rambling. He alleges that he is an foreign ambassador of a sovereign state and requests that the United States Marshals release him from prison. Petitioner alleges that as a foreign diplomat, he is exempt from levy and not subject to state or federal law

[1] It is noted that on December 17, 2008, the court ordered that Plaintiff pay the $350.00 filing fee which is the required fee for a petition for writ of mandamus. (Doc. 4). On February 11, 2009, Plaintiff paid $5.00 which is the fee required for a writ of habeas corpus. Since the court is construing Plaintiff's request as a writ of habeas corpus, the court will accept the $5.00 fee, however, the court will also address the petition for writ of mandamus in this order.

without a valid contract executed pursuant to the Uniform Commercial Code.

Petitioner further alleges that he was placed in custody due to a public act that has been dismissed and discharged pursuant to a settlement agreement he entered into with Walt Karpinski, an employee at the Los Angeles District Attorney's Office.[2] He has attached a document to the petition entitled "settlement agreement instruments," a handwritten document allegedly signed by the parties. The document states that, "Walt Karpinski does hereby release the claims designated in #PA032579 and discharge that claim to Jason Earl Jones trust for valuable consideration and further agrees to pay user fees in accordance with private assessments between Walt Karpinski and Jason Earl Jones trust ... " In consideration, Petitioner agrees to discharge various parties from the action.

Petitioner seems to be construing himself as property that is not subject to incarceration due to his alleged diplomatic status and the settlement agreement. Petitioner alleges that state officials are unable to execute the settlement agreement because the state cannot deal directly with a foreign diplomat. He is requesting that the United States Marshals intervene and instruct state officials to release him. Petitioner contends that his detention is a violation of international law.

**DISCUSSION**

Although Petitioner has filed a petition for a writ of mandamus, he appears to be challenging the legality of his criminal sentence and his illegal detention. Therefore, the court will construe Petitioner's request as a petition for writ of habeas corpus. The court has determined that Petitioner does not have a cognizable habeas corpus claim for the reasons set forth below. Likewise, the petition for a writ of mandamus is also deficient.

A. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in

[2] A document entitled "Search Certificate" dated July 20, 2007, attached to the petition lists Walt Karpinski's address as the District Attorney's Office in Los Angeles.

> custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In the instant case, Petitioner argues that his detention is in violation of international law because of his foreign diplomat status. However, he merely states his contentions, which are nonsensical and delusional, with no additional description or supporting facts. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Here, Plaintiff appears to be alleging that he can void a criminal conviction by declaring himself to be a foreign diplomat and entering into a contract with the district attorney in order to circumvent his incarceration. He has not established that the adjudication of his state case resulted in a decision that was contrary to, or involved an unreasonable application of federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, he has not established a valid habeas claim.

B. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner.

Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). In this case, is it clear that there is no tenable claim for relief that can be granted.

C. Petitioner's Request for Writ of Mandamus

Pursuant to 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal citations and quotations omitted).

The court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v. United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). Therefore, any requests seeking orders directed at prison officials must be denied. Moreover, Petitioner's claim is not clear and certain, nor is the relief Petitioner is requesting of the Marshals ministerial, or so plainly prescribed as to be free from doubt. As such, the court has no authority to issue an order in conformity with Petitioner's request.

**ORDER**

Accordingly, the Court ORDERS that Plaintiff's case be dismissed without leave to amend. The Clerk of the Court is ORDERED to close this case.

IT IS SO ORDERED.

**Dated: March 3, 2009** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE